IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD WILLIAMS, #70226-510 | § § § | |
| Movant, | § § | |
| v. | § § | No. 3:26-CV-00271-B (No. 3:23-CR-00280-B-2) |
| | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

*Pro se* Movant Edward Williams, a prisoner at Okmulgee County Jail, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See generally* 3:26-cv-0271-B, Doc. 2, Mot. Vacate; 3:23-cr-0280-B-2, Doc. 483, Mot. Vacate. But Williams's direct appeal is still pending before the United States Court of Appeals for the Fifth Circuit. Therefore, the Court dismisses this civil action as premature.

I.

BACKGROUND

Williams pleaded guilty to one count in his underlying criminal action: possession with intent to distribute a controlled substance, aiding and abetting under 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. *See* 3:23-cr-0280-B-2, J., Doc. 472. On January 9, 2026, the Court sentenced Williams to a total aggregate sentence of 240 months' imprisonment. *See id.* at 2. Williams filed a notice of appeal on January 14, 2026. *See generally id.*, Doc. 475, Notice Appeal. At this time, his direct appeal remains pending before the Fifth Circuit.

II.

**LEGAL STANDARD**

"A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal." *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (citing *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988)); *see also Lopez v. United States*, 2018 WL 3448557, at *1 (N.D. Tex. June 25, 2018), *rec. adopted*, 2018 WL 3438908 (N.D. Tex. July 17, 2018). When a § 2255 motion is filed during the pendency of a direct appeal, it is "not entitled to consideration on the merits." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam). This is so because the "disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam). When a movant seeks § 2255 relief while his direct appeal is pending, the district court should decline to address the § 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F.3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review."); *see also Cruz v. United States*, 2013 WL 459932, at *1 (N.D. Tex. Jan. 16, 2013) (recommending the § 2255 motion be summarily dismissed without prejudice because it was filed while his direct appeal was pending), *rec. adopted*, 2013 WL 462354 (N.D. Tex. Feb. 5, 2013); *Canales v. United States*, 2007 WL 646189, at *1 (N.D. Tex. Feb. 28, 2007) ("[T]his case is dismissed without prejudice for lack of jurisdiction because this court has no jurisdiction to consider this petition while he has a direct appeal of his criminal conviction pending.").

III.

ANALYSIS

Here, Williams filed his notice of appeal in this Court on January 14, 2026. At this time, his direct appeal is still pending before the Fifth Circuit. *See United States v. Williams*, No. 26-10029 (5th Cir.). Williams's § 2255 motion—filed in this Court on January 21, 2026—was therefore prematurely filed. Thus, this Court lacks jurisdiction to consider Williams's petition.

IV.

CONCLUSION

Accordingly, the Court **DISMISSES** Edward Williams's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 without prejudice.

**SO ORDERED.**

**SIGNED: February 6, 2026.**

                                        **JANE J. BOYLE**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**